IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 1:19-cv-00872-MEH**

CHASE MANUFACTURING, INC., d/b/a
THERMAL PIPE SHIELDS,

        *Plaintiff*,

v.

JOHNS MANVILLE CORPORATION,

        *Defendant.*

**PLAINTIFF'S RESPONSE TO JOHNS MANVILLE CORPORATION'S MOTION TO COMPEL**

Plaintiff Chase Manufacturing, Inc., doing business as Thermal Pipe Shields hereby files this Response to Defendant's Motion to Compel (Dkt. 91) and states as follows:

The District of Colorado's Local Rules require parties to confer with opposing counsel prior to filing a motion and to truthfully certify its efforts to comply with that requirement. *See* D.C.COLO.LCivR 7.1(a) ("Before filing a motion, counsel for the moving party . . . shall confer or make reasonable, good faith efforts to confer with any opposing counsel . . . to resolve any disputed matter. The moving party shall ***describe in the motion***, or in a certificate attached to the motion, the specific efforts to fulfill this duty") (emphasis added). Your Honor's Practice Standards state that the Court will not consider any motion that fails to comply with D.C.COLO.LCivR 7.1(a). *See* Practice Standards-Civil Actions Michael E. Hegarty, United States Magistrate Judge § III.A (hereafter, "Practice Standards") ("The Court will not consider any motion that fails to comply with D.C. Colo. LCivR 7.1(a) (conferring with the opposing side

1

and indicating whether the motion is opposed). Any motion that does not contain a certificate of compliance with Local Rule 7.1(a) may be stricken or denied as a matter of course"). Elsewhere, Your Honor's Practice Standards specifically require compliance with the Local Rules. *See* Practice Standards § II.A (requiring compliance with all governing rules and stating that "Failure to comply with these rules, procedures and practice standards may result in a filing being denied without prejudice or simply stricken, or, ***in more significant breaches***, an order or recommendation issued for the dismissal with or without prejudice of the lawsuit") (emphasis added).

Notwithstanding this explicit warning—and common sense—that Your Honor's and the Local Rules must be followed, JM moved to compel TPS to produce documents without ever notifying TPS that it intended to file a motion or asking whether TPS would oppose such a motion. JM's certification that it satisfied the requirements of D.C.COLO.LCivR 7.1(a) is simply not true, making its breach a "more significant" one. Although, as JM notes in its motion, the Court did authorize the filing of a motion to compel after review of TPS's privilege log, the Court did not authorize JM to dispense with any of the requirements associated with filing a motion to compel. *See* Tr. Of Aug. 18, 2020 Status Conf. at 84:1-3.

In addition to the requirements noted above, which JM ignored, Your Honor's Practice Standards also prescribe a procedure to follow when raising discovery disputes. *See* Practice Standards § III.C ("Before filing a motion for an order relating to a discovery dispute, the movant must request a conference with the Court by submitting an email, copied to all parties, to hegarty_chambers@cod.uscourts.gov. See Fed. R. Civ. P. 16, cmt. 2015 Amend. The Court will

determine at the conference whether to grant the movant leave to file the motion").[1]  By filing a motion without first emailing the Court as required, JM ignored this Court's procedure which is meant to limit the costs of litigation by preempting unnecessary motion practice and briefing.  *Id.*

Because the documents sought contain no substantive information that TPS has not already agreed to produce, TPS has determined that the effort and expense required by motion practice on this issue is not justified, even though JM has failed to satisfy its burden of establishing the relevance of these documents.  Therefore, had JM conferred with TPS as it was required to do, or even emailed the Court to raise the issue prior to briefing, TPS could have told JM that it would be willing to produce the documents, so long as JM agreed that such production would not work as a waiver or prejudice regarding the assertion of any privilege or protective doctrine as to any other documents not yet produced.  This, of course, could have obviated the need for JM to incur any costs litigating the issue.

TPS had no way to know that the issue was a live one—and so no reason to offer this compromise—since JM did not inform TPS that it intended to file a motion, even during email correspondence about the privilege log as recently as October 1 and 2, 2020. Further, counsel for JM and TPS had a meet and confer call scheduled (on another issue) just three days before JM filed this motion, but JM's counsel canceled the call (after the other issue was resolved) and made no mention of this apparent issue despite having a clear opportunity to do so.  In light of

---

[1] Indeed, Your Honor has already reminded counsel of this requirement after the previous time it was disregarded.  *See* Tr. Of May 19, 2020 Status Conf. at 5:14-24.

these failures, JM's request for attorneys' fees incurred in filing its unnecessary motion is especially egregious and should be denied.

## CONCLUSION

TPS will await Your Honor's Order denying JM's motion, compelling production of the documents sought, or issuing whatever other relief the Court may deem appropriate.

DATED:  October 30, 2020

Respectfully submitted,

s/Geoffrey N. Blue
THE GEOFFREY BLUE LAW FIRM, LLC
Geoffrey N. Blue
7350 E. Progress Place, Suite 100
Greenwood Village, CO 80111
Telephone: (720) 647-5320
Email: gblue@gbluelaw.com

Local Attorney for Plaintiff
Chase Manufacturing, Inc.

s/Alexandra Shear
BONA LAW PC
Alexandra Shear
Luke Hasskamp
Jarod Bona*
*Admitted only in California
4275 Executive Square, Suite 200
La Jolla, CA 92037
Telephone: (858) 964-4589
alex.shear@bonalawpc.com
luke.hasskamp@bonalawpc.om
jarod.bona@bonalawpc.com

Attorneys for Plaintiff Chase Manufacturing, Inc.

4

CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons:

Gregory J. Kerwin, Esq. (gkerwin@gibsondunn.com)
Allison Kostecka, Esq. (akostecka@gibsondunn.com)
GIBSON, DUNN, CRUTCHER LLP
1801 California Street, Suite 4200
Denver, CO 80202

                                                      *s/Joanna Bila*
                                                      Joanna Bila, Paralegal