**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**DISMISSING ALL PLAINTIFF'S CLAIMS**
**February 1, 2022**
**Civil Action No. 1:19-cv-00872-MEH**

# Defendant's Exhibit 2
# Prima Facie Case Documents

**TPS's "Prima Facie Case" Documents:**
**TPS Exhibits 17–23 filed in opposition to Johns Manville's *Daubert* motion (ECF 166-172)**

| Document Description | Why Document Does Not Prove Johns Manville Engaged in Actionable Exclusionary Conduct |
|---|---|
| JM00003324: October 20, 2018 email from E. Alley (JM) to J. Semkowski (JM) (TPS Ex. 17; ECF 166) | • This is an internal communication between two Johns Manville representatives.<br>• An internal Johns Manville communication does not prove that either APi or 4-State Supply were "cut off" from purchasing Johns Manville's insulation materials.<br>• Joe Guest (4-State Supply) testified that from 2018 to the present, 4-State Supply has been able to purchase calsil from both TPS and Johns Manville.  *See* Ex. 3-A: Guest Depo. 217:17–218:18.<br>• TPS did not depose anyone from APi.  There is no admissible evidence establishing that Johns Manville refused to supply APi with Johns Manville insulation materials.  *See, e.g.*, Ex. 1-B, at rows 1–3, 5, 11 (discussing why TPS's communications with APi are inadmissible). |
| JM00028748: October 12, 2018 email from C. Meyer (JM) to E. Alley (JM) (TPS Ex. 18; ECF 167) | • This is an internal communication between two Johns Manville representatives.<br>• An internal Johns Manville communication does not prove that either APi or 4-State Supply were "cut off" from purchasing Johns Manville's insulation materials.<br>• Joe Guest (4-State Supply) testified that from 2018 to the present, 4-State Supply has been able to purchase calsil from both TPS and Johns Manville.  *See* Ex. 3-A: Guest Depo. 217:17–218:18.<br>• TPS did not depose anyone from APi.  There is no admissible evidence establishing that Johns Manville refused to supply APi with Johns Manville insulation materials.  *See, e.g.*, Ex. 1-B, at rows 1–3, 5, 11 (discussing why TPS's communications with APi are inadmissible). |

| | |
|---|---|
| JM00001451: October 24, 2018 email from R. Elsey (Cornerstone Sales) to E. Alley (JM) with J. Ortiz (JM) copied (TPS Ex. 19; ECF 168) | • This is an internal communication between Johns Manville personnel and its outside sales agent.<br>• This internal communication does not prove that Johns Manville representatives "cut off" APi.<br>• TPS did not depose anyone from APi.  There is no admissible evidence establishing that Johns Manville refused to supply APi with Johns Manville insulation materials.  *See, e.g.*, Ex. 1-B, at rows 1–3, 5, 11 (discussing why TPS's communications with APi are inadmissible). |
| JM00003503: August 27, 2018 email from E. Alley (JM) to D. Skelly (JM) (TPS Ex. 20; ECF 169) | • This is an internal communication between Johns Manville personnel discussing an internal Johns Manville document.<br>• This internal communication between Johns Manville representatives does not prove that Johns Manville representatives actually refused to supply APi for anticompetitive reasons.<br>• TPS did not depose anyone from APi.  There is no admissible evidence establishing that Johns Manville refused to supply APi with Johns Manville insulation materials.  *See, e.g.*, Ex. 1-B, at rows 1–3, 5, 11 (discussing why TPS's communications with APi are inadmissible). |
| IIG Channel Update (TPS Ex. 21; ECF 170) | • This is an internal Johns Manville document that does not prove that Bay Insulation ("Bay") was "cut off" from purchasing Johns Manville insulation materials.<br>• TPS did not depose anyone from Bay.  There is no admissible evidence establishing that Johns Manville refused to supply Bay with Johns Manville insulation materials.  *See, e.g.*, Ex. 1-B, at rows 15–16 (discussing why TPS's communications with Bay are inadmissible). |
| JM00034501: September 12, 2019 email from J. Semkowski (JM) to E. Alley (JM), D. Skelly (JM), and J. Bittner (JM) (TPS Ex. 22; ECF 171) | • This internal communication between Johns Manville personnel does not prove that any exclusionary actions were taken against IMC. |

2

| | |
|---|---|
| JM00018081: March 23, 2018 email from E. Stone (JM) to E. Alley (JM) (TPS Ex. 23; ECF 172) | <ul><li>This internal communication between Johns Manville personnel includes a forwarded email exchange between Evan Stone (Johns Manville) and Distribution International ("DI") personnel.</li><li>The communication with DI does not prove that any exclusionary actions were taken against DI.</li><li>DI personnel pushed back on Mr. Stone's communication, suggesting any implied "threat" was ineffective.  Mr. Stone apologized for coming across as aggressive, which further undercuts the force of any implied "threat."</li><li>Robert Hlavenka, DI's [position] testified that Johns Manville did not threaten to refuse to sell DI its expanded perlite or fiberglass pipe insulation, or refuse to sell DI its calsil for anticompetitive reasons.  Ex. 3-C: Hlavenka Depo. 85:25–86:16 (expanded perlite), 90:23–91:13 (fiberglass pipe insulation), 92:4–22 (calsil).</li></ul> |

3