IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Magistrate Judge Michael E. Hegarty**

| | | | |
|---|---|---|---|
| Civil Action No: | 19-cv-00872-MEH | Date: | April 2, 2024 |
| Courtroom Deputy: | Christopher Thompson | FTR: | A 501 |

*Parties:*                        *Counsel:*

CHASE MANUFACTURING, INC.,          Eric Olson
                                            Isabel Broer
    Plaintiff,                              Sean Grimsley

v.

JOHNS MANVILLE CORPORATION,      Ryan Bergsieker
                                            Greg Kerwin
    Defendant.                           Rachel Brass

**COURTROOM MINUTES/MINUTE ORDER
STATUS CONFERENCE**

**Court in session:**       11:09 a.m.

Court calls case.   Appearances of counsel.

Discussion held regarding the Parties' pending *Motions in Limine*. The Court notifies the Parties it will hear their arguments on their respective *Motions* and will make oral rulings on the record.

The Court's complete rulings are stated on the record.

ORDERED:    Plaintiff's [ECF 272] *First Motion in Limine About Other Court Rulings on Any Party's Experts* is **GRANTED IN PART AND DENIED IN PART**. As discussed on the record, the Court denies the Motion to the extent that Parties may *voir dire* or cross examine an expert witness on high-level topics such as whether a court has ever refused to qualify them as an expert and whether a court has ever excluded their opinions. However, the Parties should not attempt to delve into too much detail, and the Court will entertain objections of this nature at trial.

                 Plaintiff's [ECF 274] *Second Motion in Limine About Guilty Plea* is **GRANTED** without prejudice to the underlying premise changing at trial.

                 Plaintiff's [ECF 275] *Third Motion in Limine About the Effect of Any Jury Verdict on Johns Manville* is **GRANTED**.

Defendant's first Motion in Limine [ECF 273] *Motion to Limit Plaintiff's Evidence of Alleged Exclusionary Conduct by Defendant to the "Conduct Period" that TPS Defined During Discovery* is **GRANTED**.

Defendant's second Motion in Limine [ECF 277] *Motion Requesting Order Excluding Certain Hearsay Evidence Under Federal Rule of Evidence 802* is **DENIED** as premature. The Court will make rulings at trial as evidence is received.

Defendant's third Motion in Limine [ECF 278] *Motion to Limit Plaintiff's Economic Expert, Frederick Warren-Boulton from Presenting Certain Opinions in Trial Testimony* is **GRANTED IN PART AND DENIED IN PART** as follows:

> *Section A* requests the Court bar Warren-Boulton from presenting any opinions or data analysis at trial that was not disclosed in his 2021 "Updated" report, or in any 2024 "Supplement" the Court allows to address 2021-2023 calsil sales data. The Court **GRANTS** the requested relief.
>
> *Section B* requests the Court bar Warren-Boulton from presenting a narrative on the factual evidence at trial, including purported "expert" summaries of hearsay evidence. The Court **GRANTS** the requested relief.
>
> *Section C* requests the Court bar Warren-Boulton from presenting any opinions or analysis at trial concerning Plaintiff's dismissed "tying" theory. The Court **GRANTS IN PART AND DENIES IN PART** the requested relief. The Court will permit testimony about tying to the extent it is related to threats and is otherwise admissible. The Court will not permit testimony solely about tying.
>
> *Section D* requests the Court bar Warren-Boulton from presenting opinions at trial about purported "direct evidence" of monopolization, arguing he did not timely disclose reliable opinions necessary to correctly evaluate whether calsil constitutes its own relevant product market in which to evaluate market power. The Court **DENIES WITHOUT PREJUDICE** the requested relief. The Court will permit testimony within the bounds of *Daubert*.
>
> *Section E* requests the Court bar Warren-Boulton testimony or calculations at trial about prejudgment interest, including any "present value" damage calculation. The Court **DENIES** the request.
>
> *Section F* requests the Court bar Warren-Boulton testimony or calculations about Defendant's export sales for calsil delivered to buyers outside the United States. Based on Plaintiff's counsel proffer, Warren-Bouldon is prepared to testify about these issues and they are integral parts of his testimony. Accordingly, the Court **DENIES WITHOUT PREJUDICE** the

requested relief. Defendant may raise this issue again at trial with the appropriate context.

*Section G* requests the Court bar Warren-Boulton testimony that purported to use Defendant's accounting margins to prove monopoly power or "supra-competitive" prices for calsil. The Court **DENIES** the request.

*Section H* request the Court bar Warren-Boulton testimony claiming that Plaintiff will continue to suffer damages for any period after the 2024 trial trade. The Court **DENIES WITHOUT PREJUDICE** the request subject to rigorous cross-examination. To the extent Defendant believes some testimony comes in and the Court finds such evidence should not have, the Court will provide a limiting instruction to the jury.

Defendant's fourth Motion in Limine [ECF 279] *Motion to Bar Discussion in Front of Jury at Trial of Johns Manville's Asbestos History* is **GRANTED**.

Discussion held regarding ECF 309, Defendant's *Objection* to Plaintiff's Updated Expert Report by Frederick Warren-Boulton [ECF 310] from March 22, 2024. The Court hears the Parties' arguments and makes its ruling on the record. The Court states it will wait until trial to rule on objections to Warren-Boulton's testimony. The Court declines to strike or require edits to Warren-Boulton's updated expert report. Defendant may supplement its economic expert reports based on Warren-Boulton's updated expert report on or before **April 17, 2024**.

Defendant shall disclose its demonstrative exhibits that are not dependent on Warren-Boulton's updated expert report on or before **April 12, 2024**. Defendant shall disclose its demonstrative exhibits dependent on Warren-Boulton's updated expert report on or before **April 17, 2024**. Plaintiff shall disclose its demonstratives on or before **April 12, 2024**. For good cause, a Party may make subtle changes to previously disclosed demonstrative exhibits.

The Court confirms the Parties need not provide copies of their exhibits in advance of the April 4, 2024 Final Pretrial and Trial Preparation Conference. The Court will hold that Conference in the Ceremonial Courtroom, Courtroom A-201, on the second floor of the Alfred A. Arraj United States Courthouse located at 901 19th Street, Denver, Colorado.

**Court in recess:**   1:45 p.m.   Conference concluded.
Total in-court time:   02:36

*To obtain a transcript of this proceeding, please contact Patterson Transcription Company at (303) 755-4536 **or** AB Litigation Services at (303) 629-8534.